**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SCAN TOP ENTERPRISE COMPANY, LTD, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 14-2514 |
| ) | |
| **STEPHEN P. LARSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Scan Top Enterprise Company, Ltd., Chuan-Chih Chang, and Chin-Ming Yang filed this action on October 9, 2014, against defendant Stephen Larson and potential defendants "John Does 1-5."[1] Plaintiffs bring state law claims for breach of contract, breach of fiduciary duty, intentional interference with contractual relations, tortious interference with prospective economic advantage, and fraud. Plaintiffs' claims stem from defendant's alleged mismanagement of plaintiffs' assets during defendant's time as president of STNA, Inc. ("STNA").

On October 30, 2014, defendant filed his answer and a counterclaim against plaintiffs for abuse of process. Defendant's counterclaim arises under Kansas tort law, but the alleged abuse of process stems from plaintiffs' filing of a lawsuit against defendant in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:12-CV-06170) (the "Pennsylvania Lawsuit") on September 11, 2012.

---

[1] Plaintiffs' complaint states that "John Does 1-5 are Corporations and Individuals against whom the Plaintiffs may" later assert claims once their identities are uncovered during discovery. (Doc. 1 at 2.) Plaintiffs have not yet identified any additional corporations or individuals, so defendant Stephen Larsen remains the only defendant in this case.

The case is now before the court on two motions: (1) plaintiffs' motion to dismiss defendant's counterclaim (Doc. 12) and (2) defendant's motion to dismiss plaintiffs' tort claims (Doc. 22).[2] In support of their respective motions to dismiss, each party argues that the statute of limitations bars the opposing parties' claims. For the reasons set forth below, the court denies both motions to dismiss.

## I. LEGAL STANDARD

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). In reviewing the sufficiency of a complaint, the court determines whether the plaintiff or counterclaimant is entitled to offer evidence to support his claims— not whether that party will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007).

## II. FACTUAL BACKGROUND[3]

---

[2] Defendant does not seek dismissal of plaintiffs' breach of contract claim (Count I).
[3] As this case includes a motion to dismiss plaintiffs' claims and a motion to dismiss defendant's counterclaim, the facts relating to plaintiffs' claims are taken from the complaint and viewed in the light most favorable to plaintiffs. The facts relating to defendant's claim are taken from the counterclaim and viewed in the light most favorable to defendant. *See*

Plaintiffs and defendant are the former owners of STNA, which was a company that distributed and sold automotive parts. (Doc. 1 at 3.) Plaintiffs allege that defendant, while president of STNA, made agreements with other companies that included allegedly unauthorized provisions, which plaintiffs claim defendant hid from STNA's shareholders. (*Id.* at 5, 11–12.) These agreements, according to plaintiffs, benefitted defendant at STNA's expense. (*Id.* at 12.) Specifically, in February 2011, before leaving STNA to work for a company named Winplus, Co., Ltd. ("Winplus"), defendant allegedly made an agreement between the two companies (the "Agreement") that plaintiffs allege was unfavorable for STNA but favorable for Winplus. (*Id.* at 4.)

Plaintiffs challenged the Agreement in an arbitration proceeding. (*Id.* at 4–5.) Sometime in 2012, during the arbitration's discovery period, plaintiffs claim they first learned of defendant's unauthorized actions, which plaintiffs claim he hid from board members by utilizing fraudulent accounting alterations. (*Id.* at 6–8, 12.) On April 16, 2014, the arbitrator issued an award (the "Award") and ultimately enforced the Agreement. However, plaintiffs assert that the arbitrator "determined it was appropriate [for plaintiffs] . . . to take action against [this defendant]" in another forum and that this is the reason plaintiffs filed the instant action. (*Id.* at 5.)

In response to plaintiffs' filing of the instant action, defendant asserted a counterclaim for abuse of process, alleging that plaintiffs filed the Pennsylvania Lawsuit with the intent to prevent defendant from testifying the next day at the arbitration proceeding. (Doc. 10 at 12.) Defendant did not testify, and plaintiffs voluntarily dismissed the Pennsylvania Lawsuit without prejudice on September 28, 2012. (*Id.*)

## III. DISCUSSION

---

*Berrey v. Asarco Inc.*, 439 F.3d 636, 640 (10th Cir. 2006) (applying the same legal standard for dismissal of defendant's counterclaim and plaintiff's complaint).

Under Kansas law, a two-year statute of limitations applies to tort claims. *Griffin v. Sec. Pac. Auto. Fin. Servs. Corp.*, 25 F. Supp. 2d 1214, 1218 (D. Kan. 1998). As such, this two-year window applies both to defendant's counterclaim for abuse of process and to plaintiffs' claims for breach of fiduciary duty, intentional interference with contractual relations, tortious interference with prospective economic advantage, and fraud. *See* Kan. Stat. Ann. § 60-513(a)(3) (fraud); (a)(4) (breaches of duty, torts, and "injury to rights of another"). To determine if dismissal is proper, the court's inquiry is "limited to the well-pleaded facts in the complaint [and counterclaim], which the court must assume are true." *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (adding that dismissal is appropriate only if a party's own allegations show that a claim is time-barred).

Notably, both parties improperly attempt to bypass this pleading-focused limitation. Instead of explaining how the other parties' own pleadings allege facts that bar recovery under the applicable two-year statute of limitations, both defendant and plaintiffs focus on events and materials that are outside the four corners of the pleadings. While these materials may support later motions for summary judgment, the court will not consider any evidence or materials not mentioned in the complaint or counterclaim when resolving the parties' instant motions to dismiss.[4]

**A. Plaintiffs' Claims**

Defendant argues that the statute of limitations has run on plaintiffs' claims because the Agreement was made more than two years before the instant lawsuit was filed. However, while the Agreement was made in 2012, the statute of limitations does not begin to run until an "injury becomes reasonably ascertainable to the injured party." *Spicer v. New Image Int'l, Inc.*, 447 F. Supp. 2d 1226,

---

[4] The court also is unwilling to consider the parties' attached evidence because, under Rule 12(d), "[r]eversible error may occur if a court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment." *Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1157 (D.N.M. 2013). Along with converting the motion, the opposing party must receive notice and have an opportunity to respond with additional evidence. *Hall v. Bellmon*, 935 F.2d 1106, 1110–11 (10th Cir. 1991). Essentially, Rule 12(d) transforms the pleading stage into an evidentiary battle that resembles the summary judgment stage. *Navajo Nation*, 935 F. Supp. 2d at 1157. In these circumstances, such a conversion is inefficient because it would force both parties to defend the merits of their cases without gathering essential evidence from the normal discovery process. *Id.*

1234 (D. Kan. 2006) (quoting Kan. Stat. Ann. § 60-513(b)).  In addition, even with a clear injury, the limitation period for fraud-based claims does not begin "until the fraud is discovered." *Kinell v. N.W. Dible Co.*, 731 P.2d 245, 247 (Kan. 1987); Kan. Stat. Ann. § 60–513(a)(3).

Here, plaintiffs allege that they did not discover defendant's allegedly unauthorized, fraudulent actions until "[i]n or about 2012 and thereafter, during the course of discovery in the Arbitration." (Doc. 1 at 8.)  Plaintiffs' complaint does not include a precise date in 2012, and neither party has identified when discovery began or ended.  Thus, if discovery in the arbitration took place (or continued to take place) after October 9, 2012, and if that is when plaintiffs learned of defendant's alleged wrongful conduct, plaintiffs' claims would be timely.

Further, even if plaintiffs became aware of defendant's alleged wrongful conduct before October 9, 2012, plaintiffs argue that there was no ascertainable injury until the arbitrator ruled that the Agreement was enforceable.  In support, plaintiffs reference the Award, where "the Arbitrator expressed concerns regarding [defendant's] actions on behalf of STNA, and determined it was appropriate for [plaintiffs] to take action against" defendant.  (*Id.* at 5.)  Plaintiffs brought suit within six months of the Award.

Treating these allegations as true, as this court must on a motion to dismiss, the court finds that plaintiffs could have filed the instant action within two years of either discovering defendant's alleged wrongful conduct or suffering a reasonably ascertainable injury.  Exactly when plaintiffs discovered defendant's alleged wrongful conduct, or exactly when plaintiffs reasonably ascertained they had been injured, involves questions of fact that the court cannot determine at this juncture in the litigation.  Defendant has failed to point to any allegations in the pleadings that conclusively demonstrate the statute of limitations has run.  Accordingly, the court finds no basis for dismissal of plaintiffs' tort

claims.  *See Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1256–57 (10th Cir. 1999) (denying a motion to dismiss because, at the pleading stage, unsettled facts are resolved in favor of the plaintiff).

### B. Defendant's Counterclaim

Plaintiffs also assert a statute of limitations defense, arguing that defendant's abuse of process claim is untimely filed.  Under Kansas law, defendant will have to establish the following elements for an abuse of process claim: (1) that plaintiffs made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process; (2) that plaintiffs had an ulterior motive or purpose in doing so; and (3) that damage resulted to defendant.  *Porter v. Stormont–Vail Hosp.*, 621 P.2d 411, 416 (1980) (citations and quotations omitted).

Defendant alleges that plaintiffs filed suit during the arbitration proceeding to purposefully prevent defendant from testifying.  (Doc. 10 at 12.)  This allegation satisfies the first two elements, but defendant correctly states that there were no ascertainable damages until the arbitration proceeding concluded in 2014.  (*Id.*)  Had defendant filed his abuse of process claim before the arbitration ended, the suit would have been premature because damages (if any) were uncertain until the Award was issued.  Thus, for defendant's counterclaim, the two-year limitation period began when the arbitrator issued the Award in 2014.  *Debrecht v. City of Haysville*, 328 P.3d 585, 587 (Kan. Ct. App. 2014).  The court therefore finds no basis for dismissal.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Dismiss Counterclaim (Doc. 12) and defendant's Motion to Dismiss Counts II, III, IV, and V (Doc. 22) are denied.

Dated this 27th day of March, 2015, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
